6

NEWMAN *v.* HASKINS, SUPT., LONDON CORRECTIONAL INSTITUTION.

[Cite as Newman v. Haskins, Supt., 3 Ohio St. 2d 6.]

(No. 39321—Decided June 30, 1965.)

*Mr. Vondon Newman, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In this action, petitioner bases his right to release on three grounds. First, that the indictment was void, second, that the trial judge failed to advise him of his right to counsel or offer him counsel and petitioner did not waive counsel, and, third, that a confession was obtained from him illegally.

So far as the question of counsel is concerned, petitioner's argument is completely refuted by the record. The journal entry reads:

"This day came the defendant, Vondon Newman, in his own proper person in custody of the sheriff and requests the court to arraign him upon the indictment charging motor vehicle theft heretofore returned against him on the 29th day of July, 1955, and the same defendant in person hereby waives any question of time for this arraignment and being inquired of if he had counsel, he responds in the negative, and being inquired of if

wished to employ counsel, he responds he does not and being inquired of if he was without funds and wished the court to appoint counsel for him, he responds he does not and desires to be immediately arraigned upon this indictment. * * *''

Petitioner urges that his indictment was void because it did not contain the necessary elements of the crime created by Section 4549.04(A), Revised Code, which provides in part as follows:

''No person shall commit any of the following acts:

''(A) Steal any motor vehicle * * *.''

The pertinent part of petitioner's indictment read as follows:

'' * * * do find and present that Vondon Newman on the 26th day of June, 1955, at the county of Brown aforesaid, did unlawfully and purposely take, drive and operate a certain motor vehicle, to wit: a 1950 Ford convertible, said motor vehicle then and there belonging to and being the property of one Lloyd Carl Black, in violation of Section 4549.04 of the Revised Code of Ohio (formerly Section 12619 of the General Code of Ohio), contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Ohio.''

It is petitioner's contention that a mere allegation that the accused ''did purposely and unlawfully take'' is not equivalent to an allegation that he stole the vehicle. Petitioner's argument is not well taken. The purpose of an indictment is to inform the accused of the crime with which he is charged. When so considered, a charge that one unlawfully and purposely took an automobile would, to the ordinary layman, mean that the accused is charged with stealing the vehicle. Furthermore, an indictment must be considered as a whole, and, when such allegation is considered in relation to the Code section the accused is charged with violating and which is set forth in the indictment, it is clear that the indictment charges automobile theft.

Petitioner urges also that he was forced to make a judicial confession at his preliminary hearing. He claims that he pleaded guilty because of the threats of two unknown persons in the courtroom. It is his argument that this confession was used to

8

obtain the return of an indictment by the grand jury and as an inducement to cause him to plead guilty in the Court of Common Pleas.

Grand jury proceedings are secret, and there is no way of knowing upon what evidence an indictment was returned. Thus, an indictment is not open to challenge in a habeas corpus proceeding on the ground that it was returned as a result of the use of imcompetent evidence. *Cook* v. *Maxwell, Warden,* 177 Ohio St. 18; and *Villasino* v. *Maxwell, Warden,* 174 Ohio St. 483. So far as the alleged confession inducing petitioner's plea of guilty in the Court of Common Pleas is concerned, such confession was not introduced against him inasmuch as he pleaded guilty.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.